**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| WENDY L. DASH,<br><br>Petitioner,<br><br>v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>Respondent. | Case No. CV 05-383-S-LMB<br><br>**MEMORANDUM DECISION AND ORDER** |

Currently pending before the Court is Wendy L. Dash's Petition for Review (Docket No. 1) seeking review of the final decision of Respondent denying her claim for disability insurance benefits and supplemental Social Security income benefits. The action is brought pursuant to 42 U.S.C. § 405(g).

Having carefully reviewed the record, and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

**I.**

**ADMINISTRATIVE PROCEEDINGS**

Wendy L. Dash ("Petitioner") applied for a period of disability and disability insurance benefits under Title II of the Social Security Act and for supplemental Social Security income benefits under Title XVI of the Act on September 13, 2002. (AR 64–66, 480–82). Petitioner alleged disability beginning April 1, 2002, based on a manic depressive bipolar disorder. (AR 64, 91). Petitioner's application was denied initially and again after reconsideration. (AR 36,

44). Petitioner filed a timely request for a hearing before an Administrative Law Judge. (AR 34). ALJ Robin L. Henrie held a hearing on June 7, 2004, at which time Petitioner, represented by counsel, appeared and testified. (AR 483). Joyce Mindiola, Petitioner's mother, and Polly A. Peterson, Ph.D., C.R.C., a vocational expert, also testified. *Id*. On July 26, 2004, the ALJ issued a decision denying Petitioner's claim because he found that occupations exist in significant job numbers in the national economy that Petitioner is capable of performing. (AR 26, 28). Thus, the ALJ found that Petitioner is not disabled. (AR 28).

Petitioner thereafter requested the Appeals Council review the ALJ's decision. (AR 8). The Appeals Council denied Petitioner's request on July 28, 2005, making the ALJ's decision the final decision of the Commissioner of Social Security. (AR 4).

Having exhausted her administrative remedies, Petitioner timely filed the instant action. *See Petition for Review* (Docket No. 1). Petitioner requests that the decisions of the ALJ and Appeals Council be reviewed, reversed, and set aside and that Petitioner's claim for Social Security benefits be allowed. *Id*. at pp. 2–3.

## II.

## BACKGROUND

Petitioner was born September 8, 1968. (AR 64). She has a high school education and has performed past relevant work as a housekeeper, cashier, convenience store manager, and delivery truck driver. (AR 97, 100).

## III.

## STANDARD OF REVIEW

It is undisputed that the burden of proof rests upon Petitioner to establish an entitlement to disability benefits. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). In evaluating the

evidence at an administrative hearing, the ALJ must follow a five-part sequential process. 20 C.F.R. §§ 404.1520, 416.920 (2005). The second part of that process involves a determination regarding whether the claimant has a "severe impairment." 20 C.F.R. § 416.905(a) (2006). If no "severe" impairment is found, the claimant will be found not to be disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

To be upheld, the Commissioner's decision must be supported by substantial evidence and be based on proper legal standards. 42 U.S.C. § 405(g) (2005); *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990). Findings of the ALJ as to any fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Vidal v. Harris*, 637 F.2d 710, 712 (9th Cir. 1981). In other words, if there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence. *Hall v. Sec'y of Health, Educ. & Welfare*, 602 F.2d 1372, 1374 (9th Cir. 1979).

Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). The standard requires more than a scintilla but less than a preponderance, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *Magallanes v. Bowen,* 881 F.2d 747, 750 (9th Cir. 1989), and "does not mean a large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the role of the Court is to review the record as a whole to determine whether it contains evidence that would allow a reasonable mind to accept the

conclusions of the ALJ. *See Richardson*, 402 U.S. at 401; *see also Matney*, 981 F.2d at 1019. The ALJ is responsible for determining credibility and resolving conflicts in medical testimony, *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984), resolving ambiguities, *see Vincent ex. rel. Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984), and drawing inferences logically flowing from the evidence, *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). Where the evidence is susceptible to more than one rational interpretation in a disability proceeding, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Flaten*, 44 F.3d at 1457; *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985).

With respect to questions of law, the ALJ's decision must be based on proper legal standards and will be reversed for legal error. *Matney*, 981 F.2d at 1019. The ALJ's construction of the Social Security Act is entitled to deference if it has a reasonable basis in law. *See id*. However, reviewing federal courts "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987). Reviewing federal courts must bear in mind that the Social Security Act is remedial and should be construed liberally and "not so as to withhold benefits in marginal cases." *Id*. at 1095 (citation omitted).

The issues presented in this appeal are (1) whether the ALJ followed the proper analytical procedure regarding the impact of alcohol or drug abuse on Petitioner's alleged disability, (2) whether the ALJ properly rejected the opinion of Petitioner's examining physician, and (3) whether the ALJ properly found Petitioner's testimony to be not credible. *Petitioner's Brief in Support of Petition for Review*, p. 6 (Docket No. 12).

## IV.

## DISCUSSION

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920.

### A. Sequential Process

The first step in the sequential process requires the ALJ to determine whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If the answer is in the affirmative, disability benefits are denied. 20 C.F.R. § 404.1520(b). In the instant action, the ALJ found that Petitioner has not performed any substantial gainful activity since April 1, 2002, the alleged onset date of disability. (AR 20).

The second step requires the ALJ to determine whether the claimant has a medically-severe impairment or combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If the answer is in the negative, disability benefits are denied. 20 C.F.R. § 404.1520(c). In the instant action, the ALJ found that the medical evidence reflects that Petitioner has been diagnosed with affective disorder, bipolar disorder, and substance addiction disorders and that such impairments more than minimally limit Petitioner's ability to perform basic work activities and are thus severe. (AR 20).

The third step in the evaluation process requires the ALJ to determine whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the answer is in the affirmative, the claimant is disabled and benefits are awarded. 20 C.F.R. § 404.1520(d). In this respect, the ALJ concluded

that Petitioner's severe impairments do not meet or equal any listing of impairments under Appendix 1, Regulation Number 4. (AR 21).

The fourth step of the evaluation process requires the ALJ to determine whether the claimant's residual functional capacity is sufficient for the claimant to perform past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). In this respect, the ALJ concurred with the opinion of the vocational expert that no past relevant work could be performed. (AR 25).

In the fifth and final step, if it has been established that a claimant can no longer perform past relevant work because of impairments, the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(f); *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993). In this respect, the ALJ found that occupations exist in significant job numbers in the national economy that Petitioner is capable of performing, e.g., nut sorter, dowel inspector (assembly), cutter and paster (media), house sitter (domestic service), agriculture produce inspector, and agriculture produce sorter. (AR 26). The ALJ therefore concluded that Petitioner is not disabled. *Id*.

**B. <u>Analysis</u>**

Petitioner argues that the ALJ's disability determination was not based on proper legal standards or supported by substantial evidence, i.e., that the ALJ (1) "failed to follow the proper analysis regarding the impact of alcohol or drug abuse;" (2) "failed to provide clear and convincing reasons for rejecting the uncontradicted opinion of an examining physician;" and "failed to cite adequate reasons for finding the [Petitioner's] testimony to be non-credible." *Petitioner's Brief in Support of Petition for Review*, p. 6 (Docket No. 12).

**1. Impact of Alcohol or Drug Abuse**

An individual is not to be considered disabled for purposes of benefits under Title II or Title XVI of the Social Security Act if alcoholism or drug addiction would be a contributing factor material to the Commissioner's determination that the individual is disabled. *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001) (citing the Contract with America Advancement Act, Pub. L. No. 104-121, 110 Stat. 847 (1996); 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J)). However, in making a disability determination, an ALJ must first conduct the five-step inquiry without separating out the impact of alcoholism or drug addiction. *Bustamante*, 262 F.3d at 955. If an ALJ determines, by implementing the five-step process, that a claimant is not disabled, there is no need to consider evidence of alcoholism or drug addiction. *Id*. On the other hand, if, after applying the five-step process, an ALJ determines that a claimant is disabled and there is medical evidence that the claimant has a drug addiction or alcoholism, then the ALJ should determine whether the claimant would still be found disabled if the claimant stopped using alcohol or drugs. *Id*. (citing 20 C.F.R. §§ 404.1535, 416.935).

In this case, the ALJ noted, at step four, that "[t]he basic rationale behind the decision in this case is that when the claimant was abusing alcohol and marijuana she was in the hospital rather frequently, primarily due to such abuse, and to poor compliance with her medications." (AR 23). Further, the ALJ stated that, "[d]uring this time period [Petitioner] could not work, but her substance abuse and noncompliance were material factors in such inability." *Id*. Thus, the ALJ determined that Petitioner's mental impairments were, at least in part, the product and consequence of her alcohol and drug use prior to making a determination that she was disabled under the five-step inquiry. This conclusion was improper. The ALJ should have first proceeded with the five-step inquiry without attempting to determine the impact of Petitioner's

alcohol and drug use on her mental impairments. *See Bustamante*, 262 F.3d at 955. If, and only if, the ALJ found that Petitioner was disabled under the five-step inquiry, should the ALJ have evaluated whether Petitioner would still be disabled if she stopped using alcohol and drugs. *Id*.

Thus, the ALJ's disability determination was not based on proper legal standards. Accordingly, the decision is reversed and remanded for further proceedings consistent with this Memorandum Decision and Order.

In the interest of preventing recurrence of appealable actions on remand, the Court will consider Petitioner's other challenges to the ALJ's determination.

**2. Opinion of Examining Physician**

In concluding, at step three, that Petitioner's severe impairments did not meet or equal a listing under Appendix I, Regulation Number 4, the ALJ specifically rejected the opinion of Petitioner's treating psychiatrist, Michael E. Estess, M.D. (AR 21). Specifically, the ALJ concluded that Dr. Estess' opinion that Petitioner's impairments meet or equal Listing 12.04 was "not supported by the objective medical evidence." *Id*.

To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). If the treating doctor's opinion is contradicted by another doctor's opinion, an ALJ may reject it only by providing specific and legitimate reasons that are supported by substantial evidence. *Id*. Further, when evaluating conflicting medical opinions, an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings. *Id*. (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)).

In this case, Dr. Estess opined that Petitioner's impairments met the requisite severity of Listing 12.04. (AR 428). The ALJ rejected this opinion, stating that the opinion was not supported by objective medical evidence. (AR 24). In further explaining the decision to reject Dr. Estess' opinion, the ALJ states that "[t]he medical evidence also shows [Petitioner's] history of alcohol and drug abuse has interfered with her ability to function" and discusses in detail Dr. Estess' notes regarding Petitioner's alcohol use. *Id*. Further, the ALJ stated that "[t]he treatment records of Dr. Estess are void of any formal mental status examinations and indicate the claimant was mainly seen for symptom and medication management." *Id*.

Reviewing the ALJ's decision, however, it appears that one of the main reasons the ALJ rejected Dr. Estess' opinion was that Dr. Estess concluded that Petitioner's impairments, in the *absence* of drug and alcohol abuse, would meet the requirements of Listing 12.04, while the ALJ was attempting to conclude whether Petitioner's impairments, in the *presence* of drug and alcohol abuse, would meet the listing. (*See* AR 24) (noting Dr. Estess' opinion regarding Petitioner's impairments "absent drug and alcohol abuse" and remarking heavily on Petitioner's alcohol and drug use in rejecting Dr. Estess' opinion). However, as discussed previously, the ALJ should have first proceeded through the five-step analysis without attempting to determine the impact of Petitioner's alcohol and drug use on her mental impairments. Accordingly, rejecting Dr. Estess' opinion at step four in consideration of Petitioner's drug and alcohol use does not constitute either a clear and convincing reason (if Dr. Estess' opinion was uncontradicted) or a specific and legitimate reason (if Dr. Estess' opinion was contradicted). Thus, the ALJ improperly rejected Dr. Estess' opinion.

### 3. Petitioner's Credibility

In deciding whether to accept a claimant's subjective symptom testimony, an ALJ must perform two stages of analysis. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). In the first stage, the ALJ must determine whether a claimant, who alleges disability based on subjective symptoms, has produced objective medical evidence of an underlying impairment that "could reasonably be expected to produce the pain or other symptoms alleged." *Id*. In the second stage, if the claimant produced the required objective medical evidence, the ALJ must determine whether there is evidence of malingering. *Id.* If not, the ALJ can reject the claimant's testimony about the severity of his or her symptoms "only by offering specific, clear and convincing reasons for doing so." *Id*.

In this case, at step four, the ALJ found Petitioner's testimony to be not entirely credible, stating, "the ALJ is discounting the claimant's subjective symptom complaints and their alleged functional effect in determining such are not totally disabling, either singly or in combination." (AR 25). This decision, the ALJ reports, is based on "all of the above." *Id*. A vague reference to "all of the above" does not set forth *specific and clear* reasons for rejecting Petitioner's testimony regarding her symptoms and their functional effects. Accordingly, the ALJ's credibility determination was not proper.

## V.

## CONCLUSION

As set forth in *Bustamante v. Massanari*, 262 F.3d 949 (9th Cir. 2001), an ALJ should proceed with the five-step inquiry without attempting to determine the impact of a claimant's alcohol or drug use on his or her other impairments. *Id*. at 955. If, and only if, an ALJ finds that a claimant was disabled under the five-step inquiry should the ALJ evaluate whether the

claimant would still be disabled if he or she stopped using alcohol and drugs. *Id*. In this case, the ALJ's determination, at step four, regarding Petitioner's alcohol and drug use and its impact on her mental impairments was not in accordance with the proper legal standards set forth in *Bustamante*. Hence, the decision of the ALJ is reversed and remanded for further proceedings in accordance with this Memorandum Decision and Order.

**VI.**

**ORDER**

Based on the foregoing, Petitioner's request for review is GRANTED. The Commissioner's decision that Petitioner is not disabled within the meaning of the Social Security Act is reversed, and this matter is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum Decision and Order. *See Melkonyan v. Sullivan*, 501 U.S. 89, 99–100 (1991).




DATED: **August 17, 2006**.

Larry M. Boyle
United States District Court